1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     GEORGE D. LOCKWOOD,                         No.  2:24-cv-02761 SCR P

12              Plaintiff,

13          v.                                      ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14     HARRY WINDSOR, et al.,

15              Defendants.

16

17          Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action

18     under 42 U.S.C. § 1983.  Plaintiff's complaint is before the undersigned for screening.  28 U.S.C.

19     § 1915A.  The complaint, which names current and former heads of state and other public figures

20     as defendants, is incoherent and should be dismissed without leave to amend.  Because the

21     complaint is frivolous, the undersigned will also recommend that plaintiff's request to proceed in

22     forma pauperis be denied.  See Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir.

23     1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears

24     from the face of the proposed complaint that the action is frivolous or without merit.").

25                              **STATUTORY SCREENING**

26          The court is required to screen complaints brought by prisoners seeking relief against "a

27     governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

28     performing this screening function, the court must dismiss any claim that "(1) is frivolous,

                                            1

1   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

2   from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous

3   when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

4   (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

5   legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

6   inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

7   factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

8         In order to avoid dismissal for failure to state a claim a complaint must contain more than

9   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

13  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

14  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

15  inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When

16  considering whether a complaint states a claim, the court must accept the allegations as true,

17  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

18  favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

19                              **PLAINTIFF'S COMPLAINT**

20        Plaintiff is incarcerated at Mule Creek State Prison ("MSCP").  His complaint names

21  several prominent public figures as defendants, including Henry Windsor, Xi Jinping of China,

22  President Donald Trump, and former Presidents George W. Bush and Joe Biden.  (ECF No. 1 at

23  1-2.)  The complaint appears to complain about social distancing practices during the Covid-19

24  pandemic and technological issues with plaintiff's hearing aids.  (Id. at 3-5.)  By way of relief, the

25  complaint seeks $900 trillion dollars.  (Id. at 6.)

26                                    **DISCUSSION**

27        Plaintiff's complaint is incoherent and does not present any remotely decipherable facts or

28  legal claims.  The allegation, inferred from their inclusion, that the named defendants participated

1   in depriving plaintiff of his federally protected rights is pure fantasy.  Accordingly, the

2   undersigned will recommend that the complaint be dismissed as frivolous.  See 28 U.S.C. §

3   1915A(b)(1); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness

4   is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.")

5   Because the complaint is frivolous and further amendment would be futile, the complaint should

6   be dismissed with prejudice.  See California Architectural Bldg. Prod. v. Franciscan Ceramics,

7   818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue

8   delay, bad faith, prejudice, and futility.") (citation omitted).

9                                              **CONCLUSION**

10         In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

11   shall randomly assign a district judge to this matter.

12         IT IS FURTHER RECOMMENDED that:

13         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED;

14   and

15         2.  The complaint be dismissed without leave to amend for frivolousness, 28 U.S.C. §

16   1915A(b)(1).

17         These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

19   after being served with these findings and recommendations, plaintiff may file written objections

20   with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

21   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

22   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

23   (9th Cir. 1991).

24   DATED: October 23, 2025

25

26                                              SEAN C. RIORDAN
                                                UNITED STATES MAGISTRATE JUDGE
27

28